IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Barry Lee Benson, | ) |
| | ) |
| Petitioner, | ) **ORDER** |
| | ) |
| vs. | ) |
| | ) Case No. 1-17-cv-244 |
| Colby Braun, | ) |
| | ) |
| Respondent. | ) |

Before the court is an Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner, Barry Lee Benson. (Doc. No. 9). Also before the court is a Motion to Dismiss by respondent, Colby Braun ("the State"). (Doc. No. 13).

## I. BACKGROUND

### A. Trial

On May 11, 2012, the State charged Benson by way of complaint with Continuous Sexual Abuse of a Child, a class AA felony. (Doc. No. 14-1). A jury found him guilty. (Doc. No. 14-2). He was sentenced to life imprisonment without the possibility of parole. (Doc. No. 14-2).

### B. Direct Appeal

On May 31, 2013, Benson appealed that conviction. (Doc. No. 14-1). In that appeal, Benson argued the district court erred in denying his motion for acquittal due to insufficient evidence and the court abused its discretion in allowing the State to present testimony over his objection. The North Dakota Supreme Court summarily affirmed Benson's conviction. State v. Benson, 2014 ND 43, 844 N.W.2d 362. The court issued its mandate on April 2, 2014. (Doc. No. 14-1).

### C. State Postconviction Proceedings

Benson filed an application for postconviction relief, dated May 15, 2014, with the state

district court on May 20, 2014. (Doc. Nos. 14-1, 14-5). The state district court construed Benson's application as raising three separate claims: (1) ineffective assistance of counsel for failing to object to certain testimony presented at trial; (2) lack of communication with counsel for counsel's alleged failure to provide Benson with various court records; and (3) denial of a right by state officials for allegedly not allowing Benson access to law books or access to his court records.

Without an evidentiary hearing, the state district court summarily dismissed Benson's application on June 11, 2015. The court concluded Benson's second and third claims suffered from a complete lack of factual grounding and dismissed those claims as such. The court further concluded no ineffective assistance of counsel occurred because, even if counsel had acted as Benson insisted, his trial's outcome would not have changed. Benson appealed that decision on August 10, 2015. The North Dakota Supreme Court summarily affirmed. Benson v. State, 2016 ND 22, 876 N.W.2d 485. The court issued its mandate on March 14, 2016.

Thereafter, Benson filed a second application for postconviction relief on December 28, 2016. (Doc. No. 14-9). The state district court denied this application on September 26, 2017, concluding the second application was untimely under N.D.C.C. § 29-32.1-01(2) and barred by res judicata. (Doc. No. 14-10). Benson did not appeal that denial. (Doc. No. 14-9).

D. Federal Habeas Petition

Benson next filed his § 2254 petition with this court on November 9, 2017. (Doc. No. 2). Following the court's direction, (Doc. No. 6), Benson amended his § 2254 petition. (Doc. No. 9). This amended petition contains five grounds for habeas relief, some of which are rather muddled. The court construes Benson's claims for relief as follows. First, Benson claims his trial counsel was ineffective because counsel did not properly flesh out inconsistencies in testimony presented by the

States's witnesses at trial. Second, Benson claims his trial counsel was ineffective for not properly impeaching one of the State's witnesses, T.K. Third, Benson claims his trial counsel was ineffective for not adopting the trial strategy Benson thought appropriate. Fourth, Benson claims his trial counsel was ineffective for not properly impeaching one of the State's witnesses, K.S. Fifth, Benson claims the State engaged in misconduct tantamount to a <u>Brady</u> violation.

## II.     DISCUSSION

A.     <u>Timeliness Under 28 U.S.C. § 2244(d)(1)</u>

The State argues Benson's petition is untimely and should be dismissed. Under 28 U.S.C. § 2244(d)(1), a petitioner has one year to seek habeas relief, which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period does not run during pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). A tardy state post-conviction application does not constitute "a properly filed application" within the meaning of § 2244(d)(2). <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005) (concluding, "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); <u>see also</u> <u>Allen v. Siebert,</u> 552 U.S. 3, 4-5 (2007) (concluding "[b]ecause Siebert's petition for state postconviction

relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1–year statute of limitations.").

After reviewing the record, the court agrees Benson's habeas petition is untimely under § 2244(d)(1). As discussed above, Benson appealed his conviction, the North Dakota Supreme Court affirmed that conviction, and the court issued its mandate on direct appeal on April 2, 2014. (Doc. No. 14-1). Benson forwent an appeal of his conviction to the United States Supreme Court and instead filed his application for postconviction relief on May 15, 2014. The state district court denied that application, the North Dakota Supreme Court affirmed that denial, and the court issued its mandate on March 14, 2016. Benson had 365 days to seek habeas relief as of that date. By the time Benson filed his habeas petition on November 9, 2017, 613 days had passed, easily exceeding the 365 days allowed under § 2244(d)(1). Benson's current habeas petition is clearly untimely.

Benson's second application for postconviction relief filed with the state courts on December 28, 2016, does not change this conclusion. Under § 2244(d)(2), only "a properly filed" application for postconviction relief will stay the tolling of a petitioner's time to seek habeas relief, and an application for postconviction relief rejected by state courts as untimely is not "properly filed" within the meaning of § 2244(d)(2). Pace, 544 U.S. at 417; Allen, 552 U.S. at 4-5. In an order dismissing Benson's second application for postconviction relief, the state district court, among other reasons, concluded Benson's application "was filed after the statute of limitations had run." (Doc. No. 14-10). Because the second application for postconviction relief was untimely under North Dakota law, it did not stay the tolling of Benson's time to seek habeas relief. Accordingly, Benson's habeas petition remains untimely notwithstanding his second application for postconviction relief.

B. Equitable Tolling

Although not articulately expressed, Benson presents various arguments that the court construes as an attempt to equitably toll § 2244(d)(1). The court may equitably toll a petitioner's time to seek habeas relief "when (1) extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or (2) when conduct of the defendant has lulled the prisoner into inaction." Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004). Benson agues three sets of circumstances excuse his delay in bringing the current petition.

Benson begins by arguing equitable tolling should apply because his postconviction counsel did not advise him about how his second application for postconviction relief, which the state court later dismissed as untimely, would impact his ability to seek habeas relief. Even assuming Benson's court-appointed attorney was ineffective in this regard, ineffective assistance of counsel generally is not an extraordinary circumstance triggering equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) (holding "[i]neffective of counsel generally does not warrant equitable tolling."); see also Lawrence v. Florida, 549 U.S. 327 (2007) (holding an attorney error in calculating a filing deadline does not constitute an extraordinary circumstance for equitable tolling purposes). Putting that issue aside, Benson has not alleged, much less proven to the court's satisfaction, that any ineffective assistance of postconviction counsel made it impossible for Benson to timely file his habeas petition. Benson could have simply filed his habeas petition before he filed his second application for postconviction relief, which would have rendered his petition timely and avoided any ineffective assistance of postconviction counsel. Accordingly, equitable tolling is not available to Benson because postconviction counsel's conduct was not an extraordinary circumstances that made it impossible for Benson to file his habeas petition in a timely fashion.

Benson next argues equitable tolling should apply because the state district court did not similarly advise him his second application for postconviction relief would not stay his time to seek habeas relief. This argument lacks merit because the state district court had no obligation to provide Benson with legal advice as to the how the state postconviction proceeding process might impact his ability to file a subsequent federal habeas petition. Moreover, just as with his ineffective assistance of postconviction counsel claim, the state district court did not make it impossible for Benson to timely file his habeas petition because Benson could have filed his habeas petition instead of his second application for postconviction relief. Accordingly, equitable tolling is not available to Benson because the state district court's conduct was not an extraordinary circumstances that made it impossible for Benson to file his habeas petition in a timely fashion.

Benson finally argues equitable tolling should apply because he has limited education and learning disabilities. A petitioner's limited education and/or learning disabilities do not generally constitute extraordinary circumstances warranting equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling . . . ."). Equitable tolling, however, may be available where a petitioner is able to show prolonged serious mental problems prevented the timely filing of a habeas petition. Collins v. Scurr, 230 F.3d 1362, 1362 (8th Cir. 2000) (citing Calderon v. United States Dist. Court, 163 F.3d 530, 541 (9th Cir.1998)). To this point in both his state and federal proceedings, Benson has made multiple filings in which he has presented cogent arguments accompanied by supporting case law. Though these arguments have been unsuccessful, these filings evidence Benson does not suffer from a complete lack of education or a mental condition so severe that either could be fairly characterized as extraordinary. Moreover,

neither circumstance adequately explains why Benson could not have filed his habeas petition with this court instead of filing his second application for postconviction relief. At bottom, that Benson returned to state court with his second application for postconviction relief instead of coming to federal court was a matter of choice and does not in any way indicate Benson's lack of education of learning disabilities made filing a habeas petition impossible. Accordingly, equitable tolling is not available because neither Benson's lack of education nor learning disabilities are extraordinary circumstances that made it impossible for Benson to file his habeas petition in a timely fashion.

On the foregoing, the court concludes equitable tolling is inapplicable to this case. As such, Benson remained subject to § 2244(d)(1)'s temporal requirements. Because more than 365 days lapsed between the time Benson completed his direct and collateral attacks on his final criminal judgment and the filing of his habeas petition with this court, Benson's habeas petition must be dismissed as untimely under § 2244(d)(1).

### III.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also, United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of

constitutional rights has been stated and that reasonable jurists would find it debatable that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

Here, reasonable jurists would not find debatable the disposition of the claims, whether on the merits or on procedural grounds. Consequently, a certificate of appealability will not be issued.

**IV.**     **CONCLUSION**

1. The State's motion to dismiss (Doc. No. 13) is **GRANTED**.

2. Benson's § 2254 petition (Doc. No. 2) and amended petition (Doc. No. 9) are **DENIED WITH PREJUDICE.**

3. A certificate of appealability is not issued.

Dated this 28th day of March, 2018.

                                             */s/ Charles S. Miller, Jr.*
                                             Charles S. Miller, Jr., Magistrate Judge
                                             United States District Court